IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | ) | CHAPTER 13 |
| | ) | |
| Krista Wynona Shinn | ) | CASE NO. 19-50319-sms |
| | ) | |
|    Debtor | ) | |

-------------------------------------------------------------------------------------------------

| | | |
|---|---|---|
| | ) | |
| Daniel Holly | ) | |
| | ) | |
|    Movant, | ) | |
| | ) | |
| vs. | ) | **CONTESTED MATTER** |
| | ) | |
| Krista Wynona Shinn | ) | |
| | ) | |
|    Respondent. | ) | |

**NOTICE OF ASSIGNMENT OF HEARING**

     **PLEASE TAKE NOTICE** that **Daniel Holly** has filed a **Motion for Relief from the Automatic Stay** and related papers with the Court seeking an order granting relief from the stay in this bankruptcy.

     **PLEASE TAKE FURTHER NOTICE** that the Court will hold a hearing on the Motion for Relief from the Automatic Stay in **Courtroom 1201, United States Courthouse, 75 Ted Turner Drive, S.W., Atlanta, Georgia, 30303** at **2:00 p.m. on February 12, 2019**.

     Your rights may be affected by the court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the court to grant the relief sought in these pleadings or if you want the court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleading with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two business days before the hearing. The address of the Clerk's Office is: **Clerk, U. S. Bankruptcy Court, Suite 1340, 75 Spring Street, Atlanta Georgia 30303**. You must also mail a copy of your response to the undersigned at the address stated below.

     If a hearing on the motion for relief from the automatic stay cannot be held within thirty (30) days, Movant waives the requirement for holding a preliminary hearing within

thirty days of filing the motion and agrees to a hearing on the earliest possible date. If a final decision cannot be rendered by the Court within sixty days of the date of the request, Movant waivers the requirement that a final decision be issued within that period.  Movant consents to the automatic stay remaining until the Court orders otherwise.

This January 17, 2019.

_____/s_____
Brian S. Limbocker
Attorney for Movant
2230 Towne Lake Parkway
Building 100, Ste. 140
Woodstock, GA  30189
678-401-6836
bsl@limbockerlawfirm.com
GA Bar Number 800500

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | ) | CHAPTER 13 |
| | ) | |
| Krista Wynona Shinn | ) | CASE NO.  19-50319-sms |
| | ) | |
|     Debtor | ) | |

-----------------------------------------------------------------------------------------------------------------

| | | |
|---|---|---|
| | ) | |
| Daniel Holly | ) | |
| | ) | |
|     Movant, | ) | |
| | ) | |
| vs. | ) | **CONTESTED MATTER** |
| | ) | |
| Krista Wynona Shinn | ) | |
| | ) | |
|     Respondent. | ) | |

**MOTION FOR RELIEF FROM AUTOMATIC STAY**

COMES NOW Daniel Holly, the landlord of the debtor and owner of the property that debtor currently resides, and respectfully shows the Court the following:

1.

This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §1334, §157, 11 U.S.C. §362, and §1301.

2.

On or around April 12, 2017, the Movant and Debtor entered into a Georgia Residential Lease Agreement in which the Movant leased real estate located at 2499 Woodland Drive, NW, Kennesaw, GA  30152 to the Debtor.  (See Exhibit A).  The lease was for one year and terminated on April 12, 2018.  Since then, a month to month tenancy was created.  A true and correct copy of the lease is attached hereto as Exhibit "A".

3.

The Debtor fell behind on her payments in July and August of 2018.  These months of rent were not paid until September 5, 2018.  Debtor again fell behind on her payments and

Movant filed for his first Dispossessory Proceeding against her on October 2nd, 2018. The parties agreed that the full payment was required to be made by November 24, 2018 or the court would enter a Writ of Possession. Debtor paid the full balance less $29.75 before November 24th.

4.

The debtor has not paid rent for December 2018 or January 2019 nor has she paid utilities that are due to the Movant. The Movant filed for another Dispossessory Proceeding on December 10th and the hearing in Cobb County was to be held on January 8, 2019. (See Exhibit B). Debtor filed a response and admitted being in default. (See Exhibit C) However, due to the bankruptcy filing by the debtor on January 7th, 2019, the eviction was stayed by the State Court.

5.

Debtor has stated in her Chapter 13 plan that she intends to assume the lease with Movant. Further, debtor states in her Chapter 13 plan that there are no arrears when in fact she knew she was behind and even admitted it in her answer filed in the second dispossessory action stated above.

6.

Since the lease is currently a month to month lease, the debtor was in default prior to filing for bankruptcy and she had notice that the lease was terminated, the lease is terminated under Georgia law. The Debtor cannot assume a lease that has been terminated.

7.

The Movant also provided written notice via certified letter to the Debtor on January 17, 2019, as required by Section 1(B) of the lease, that he is terminating the lease. (See Exhibit D). If this court finds that the lease was not terminated before the debtor filed her case, the lease should be terminated, at the very latest, on February 17, 2019.

WHEREFORE, Movant prays that the automatic stay as to Movant and the real property which is the subject of this Motion be terminated; that the provisions of the Bankruptcy Rule 4001(a)(3) be waived; and, for any and all further relief as the Court my deem appropriate.

This January 17, 2019.

        Respectfully submitted,

        Limbocker Law Firm, LLC


_____/s_____
Brian S. Limbocker
GA Bar Number: 800500
2230 Towne Lake Parkway
Building 800, Ste. 140
Woodstock, GA  30189
Phone:  678-401-6836
bsl@limbockerlawfirm.com

## **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am, and at all times mentioned was more than 18 years of age, and that on January 17, 2019, I served a copy of the Notice of Hearing and the Motion for Relief from Stay, to the parties listed below by depositing same in the U.S. Mail with sufficient postage thereto affixed to insure delivery.

Mary Ida Townson
Chapter 13 Trustee
Ste. 2200
191 Peachtree St. NE
Atlanta, GA  30303-1740

Krista Wynona Shinn
2499 Woodland Drive NW
Kennesaw, GA  30152

Howard P. Slomka
Slipakoff and Slomka, PC
Overlook III, Suite 1700
2859 Paces Ferry Rd. SE
Atlanta, GA  30339

Dated and served on this January 17, 2019.

                                              Respectfully submitted,

                                              _____/s_____
                                              Brian S. Limbocker
                                              GA Bar Number: 800500
                                              2230 Towne Lake Parkway
                                              Building 100, Ste. 140
                                              Woodstock, GA  30189
                                              Phone:  678-401-6836
                                              bsl@limbockerlawfirm.com

# GEORGIA RESIDENTIAL LEASE AGREEMENT
for 2499 Woodland Drive NW, Kennesaw, Georgia, 30152

**THIS LEASE AGREEMENT** (hereinafter referred to as the "Agreement") made and entered into this __12th__ day of April, 2017, by and between **Daniel Holly** (hereinafter referred to as "Landlord") and **Krista Shinn** (hereinafter referred to as "Tenant").

# W I T N E S S E T H:

WHEREAS, Landlord is the fee owner of certain real property being, lying and situated in Cobb County, Georgia, such real property having a street address of 2499 Woodland Drive NW, Kennesaw, GA 30152 (hereinafter referred to as the "Premises").

**WHEREAS**, Landlord desires to lease the Premises to Tenant upon the terms and conditions as contained herein; and

**WHEREAS**, Tenant desires to lease the Premises from Landlord on the terms and conditions as contained herein;

**NOW, THEREFORE**, for and in consideration of the covenants and obligations contained herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto hereby agree as follows:

1. **TERM.** This Agreement shall commence on Thursday, April 13th, 2017 ("Commencement Date"). [*check either A or B*]:

    __X__ **A. Lease for Term:** This Agreement shall continue as a lease for term. **The termination date shall be on (date) April 12th, 2018 at 11:59 PM.** Upon termination date, Tenant shall be required to vacate the Premises unless one of the following circumstances occur: (i) Landlord and Tenant formally extend this Agreement in writing or create and execute a new, written, and signed agreement; (ii) local rent control law mandates extension of the tenancy; or (iii) Landlord willingly accepts new Rent from Tenant, which does not constitute past due Rent. In the event that Landlord accepts from Tenant new rent, a month-to-month tenancy shall be created. Either party may terminate this month-to-month tenancy by following the procedures specified in paragraph 1B. Rent shall continue at the rate specified in this Agreement, or as allowed by law. All other terms and conditions as outlined in this Agreement shall remain in full force and effect.

    ____ **B. Month-to-Month:** This Agreement shall continue as a month-to-month tenancy. If at any time Tenant desires to terminate the tenancy, Tenant may do so by providing to Landlord written notice of intention to terminate. Such notice to terminate must be provided to Landlord at least 30 days prior to the desired date of termination of the tenancy. If at any time Landlord desires to terminate the tenancy, Landlord may do so by providing to Tenant such written notice of intention to terminate at least 30 days prior to the desired date of termination of the tenancy. Notices to terminate may be given on any calendar day, irrespective of Commencement Date.

2. **RENT.** Under the terms of this Agreement, "Rent" shall consist of all monetary obligations owed to Landlord by Tenant in accordance with this Agreement. However, the Damage Deposit shall not be considered Rent. **Tenant shall pay to Landlord One Thousand, One Hundred and Fifty DOLLARS ($1,150.00) per month as Rent for the Term of the Agreement.** Due date for Rent payment shall be the 1st day of each calendar month and shall be considered advance payment for that month. If not remitted on the 1st, **Rent shall be considered overdue and delinquent on the 3rd day of each calendar month.** In the event that the Commencement Date is not the 1st of the calendar month, Rent payment remitted on the Commencement Date shall be prorated based on a 30-day period.

    Acceptable forms of payment of Rent to Landlord shall be [*check all that apply*]: __X__ personal

check, __X__ money order, __X__ cashier's check. **Payment shall be made to Landlord under the following name and address: Daniel Holly, 1804 Newstead Trace, Marietta, Georgia 30062.** In the event that any payment by Tenant is returned for insufficient funds ("NSF") or if Tenant stops payment, Landlord may require in writing that Tenant pay Rent in cash for three months, and that all future Rent payments shall be remitted by Tenant to Landlord by money order or cashier's check.

### SUMMARY

**Rent Due Monthly:** $1,150.00

**Pro-Rated Rent Due at Occupancy:** $ 651.61 (17 Days @ $38.33 per day)

**Dates of Pro-Rated Rent:** April 14, 2017 – April 30, 2017

**Rent Payable to:** Daniel Holly

**Day on which rent is late:** 3rd

**Per Day Late Fee:** $10

**Returned or Insufficient Funds fee:** $50

**Re-key Lock Charge:** $25/lock

**Security Deposit:** $1,150.00

**How much notice required to non-renew lease prior to initial lease term:** 60 days

**Amount of notice required for early termination of lease:** 60 days

3. **DAMAGE DEPOSIT.** Upon the due execution of this Agreement, Tenant shall deposit with Landlord the sum of **One Thousand, One Hundred and Fifty DOLLARS ($1,150.00),** receipt of which is hereby acknowledged by Landlord, as security for any damage caused to the Premises during the term hereof. Such deposit shall be returned to Tenant, without interest, and less any set off for damages to the Premises upon the termination of this Agreement.

4. **USE OF PREMISES.** The Premises shall be used and occupied by Tenant and Tenant's immediate family, exclusively, as a private single family dwelling, and no part of the Premises shall be used at any time during the term of this Agreement by Tenant for the purpose of carrying on any business, profession, or trade of any kind, or for any purpose other than as a private single family dwelling. Tenant shall not allow any other person, other than Tenant's immediate family or transient relatives and friends who are guests of Tenant, to use or occupy the Premises without first obtaining Landlord's written consent to such use. Tenant shall comply with any and all laws, ordinances, rules and orders of any and all governmental or quasi-governmental authorities affecting the cleanliness, use, occupancy and preservation of the Premises.

5. **CONDITION OF PREMISES.** Tenant stipulates, represents and warrants that Tenant has examined the Premises, and that they are at the time of this Lease in good order, repair, and in a safe, clean and tenantable condition.

6. **ASSIGNMENT AND SUB-LETTING.** Tenant shall not assign this Agreement, or sub-let or grant any license to use the Premises or any part thereof without the prior written consent of Landlord. A consent by Landlord to one such assignment, sub-letting or license shall not be deemed to be a consent to any subsequent assignment, sub-letting or license. An assignment, sub-letting or license without the prior written consent of Landlord or an assignment or sub-letting by operation of law shall be absolutely null and void and shall, at Landlord's option, terminate this Agreement.

7. **ALTERATIONS AND IMPROVEMENTS.** Tenant shall make no alterations to the buildings or improvements on the Premises or construct any building or make any other improvements on the Premises without the prior written consent of Landlord. Any and all alterations, changes, and/or improvements built, constructed or placed on the Premises by Tenant shall, unless otherwise provided by written agreement between Landlord and Tenant, be and become the property of Landlord and remain on the Premises at the expiration or earlier termination of this Agreement.

8. **NON-DELIVERY OF POSSESSION.** In the event Landlord cannot deliver possession of the Premises to Tenant upon the commencement of the Lease term, through no fault of Landlord or its agents, then Landlord or its agents shall have no liability, but the rental herein provided shall abate until possession is given. Landlord or its agents shall have thirty (30) days in which to give possession, and if possession is tendered within such time, Tenant agrees to accept the demised Premises and pay the rental herein provided from that date. In the event possession cannot be delivered within such time, through no fault of Landlord or its agents, then this Agreement and all rights hereunder shall terminate.

9. **HAZARDOUS MATERIALS.** Tenant shall not keep on the Premises any item of a dangerous, flammable or explosive character that might unreasonably increase the danger of fire or explosion on the Premises or that might be considered hazardous or extra hazardous by any responsible insurance company.

10. **UTILITIES.** Tenant shall be responsible for arranging for and paying for all utility services required on the Premises.

11. **MAINTENANCE AND REPAIR; RULES.** Tenant will, at its sole expense, keep and maintain the Premises and appurtenances in good and sanitary condition and repair during the term of this Agreement and any renewal thereof. Without limiting the generality of the foregoing, Tenant shall:

    (a) Not obstruct the driveways, sidewalks, courts, entry ways, stairs and/or halls, which shall be used for the purposes of ingress and egress only;

    (b) Keep all windows, glass, window coverings, doors, locks and hardware in good, clean order and repair;

    (c) Not obstruct or cover the windows or doors;

    (d) Not leave windows or doors in an open position during any inclement weather;

    (e) Not hang any laundry, clothing, sheets, etc. from any window, rail, porch or balcony nor air or dry any of same within any yard area or space;

    (f) Not cause or permit any locks or hooks to be placed upon any door or window without the prior written consent of Landlord;

    (g) Keep all air conditioning filters clean and free from dirt;

    (h) Keep all lavatories, sinks, toilets, and all other water and plumbing apparatus in good order and repair and shall use same only for the purposes for which they were constructed. Tenant shall not allow any sweepings, rubbish, sand, rags, ashes or other substances to be thrown or deposited therein. Any damage to any such apparatus and the cost of clearing stopped plumbing resulting from misuse shall be borne by Tenant;

(i) And Tenant's family and guests shall at all times maintain order in the Premises and at all places on the Premises, and shall not make or permit any loud or improper noises, or otherwise disturb other residents;

(j) Keep all radios, television sets, stereos, etc., turned down to a level of sound that does not annoy or interfere with other residents;

(k) Deposit all trash, garbage, rubbish or refuse in the locations provided therefor and shall not allow any trash, garbage, rubbish or refuse to be deposited or permitted to stand on the exterior of any building or within the common elements;

(l) Abide by and be bound by any and all rules and regulations affecting the Premises or the common area appurtenant thereto which may be adopted or promulgated by the Homeowners' Association having control over them.

(m) Tenant agrees to maintain lawn.

(n) Landlord agrees to semi-annual HVAC inspection. One preceding summer months, and an additional preceding the winter months.

(o) Landlord agrees to secure pest treatment services. Initial treatment of interior and exterior of home prior to move-in. Regular interval treatment of exterior as recommended by service provider.

12. **DAMAGE TO PREMISES.** In the event the Premises are destroyed or rendered wholly uninhabitable by fire, storm, earthquake, or other casualty not caused by the negligence of Tenant, this Agreement shall terminate from such time except for the purpose of enforcing rights that may have then accrued hereunder. The rental provided for herein shall then be accounted for by and between Landlord and Tenant up to the time of such injury or destruction of the Premises, Tenant paying rentals up to such date and Landlord refunding rentals collected beyond such date. Should a portion of the Premises thereby be rendered uninhabitable, the Landlord shall have the option of either repairing such injured or damaged portion or terminating this Lease. In the event that Landlord exercises its right to repair such uninhabitable portion, the rental shall abate in the proportion that the injured parts bears to the whole Premises, and such part so injured shall be restored by Landlord as speedily as practicable, after which the full rent shall recommence and the Agreement continue according to its terms.

13. **INSPECTION OF PREMISES.** Landlord and Landlord's agents shall have the right at all reasonable times during the term of this Agreement and any renewal thereof to enter the Premises for the purpose of inspecting the Premises and all buildings and improvements thereon. And for the purposes of making any repairs, additions or alterations as may be deemed appropriate by Landlord for the preservation of the Premises or the building. Landlord and its agents shall further have the right to exhibit the Premises and to display the usual "for sale", "for rent" or "vacancy" signs on the Premises at any time within forty-five (45) days before the expiration of this Lease. The right of entry shall likewise exist for the purpose of removing placards, signs, fixtures, alterations or additions, that do not conform to this Agreement or to any restrictions, rules or regulations affecting the Premises.

14. **SUBORDINATION OF LEASE.** This Agreement and Tenant's interest hereunder are and shall be subordinate, junior and inferior to any and all mortgages, liens or encumbrances now or hereafter placed on the Premises by Landlord, all advances made under any such mortgages, liens or encumbrances (including, but not limited to, future advances), the interest payable on

such mortgages, liens or encumbrances and any and all renewals, extensions or modifications of such mortgages, liens or encumbrances.

15. **TENANT'S HOLD OVER.** If Tenant remains in possession of the Premises with the consent of Landlord after the natural expiration of this Agreement, a new tenancy from month-to-month shall be created between Landlord and Tenant which shall be subject to all of the terms and conditions hereof except that rent shall then be due and owing at **Fifteen Hundred DOLLARS ($1,500.00) per month** and except that such tenancy shall be terminable upon thirty (30) days written notice served by either party.

16. **SURRENDER OF PREMISES.** Upon the expiration of the term hereof, Tenant shall surrender the Premises in as good a state and condition as they were at the commencement of this Agreement, reasonable use and wear and tear thereof and damages by the elements excepted.

17. **ANIMALS.** Tenant shall be entitled to keep no more than one (1) domestic dog or cat; however, at such time as Tenant shall actually keep any such animal on the Premises, Tenant shall pay to Landlord a monthly pet fee of Fifty DOLLARS ($50.00), $600 of which shall be non-refundable and shall be used upon the termination or expiration of this Agreement for the purposes of cleaning/replacing carpets of the home.

18. **QUIET ENJOYMENT.** Tenant, upon payment of all of the sums referred to herein as being payable by Tenant and Tenant's performance of all Tenant's agreements contained herein and Tenant's observance of all rules and regulations, shall and may peacefully and quietly have, hold and enjoy said Premises for the term hereof.

19. **INDEMNIFICATION.** Landlord shall not be liable for any damage or injury of or to the Tenant, Tenant's family, guests, invitees, agents or employees or to any person entering the Premises or the building of which the Premises are a part or to goods or equipment, or in the structure or equipment of the structure of which the Premises are a part, and Tenant hereby agrees to indemnify, defend and hold Landlord harmless from any and all claims or assertions of every kind and nature.

20. **DEFAULT.** If Landlord determines that Tenant is in default of this Agreement, including but not limited to the failure to pay rent when due, as authorized under O.C.G.A. § 44-7-50, Landlord may immediately demand possession of the Premises. In such event, Landlord shall provide Tenant with at least one (1) day written Notice to Vacate. Landlord may provide such notice by serving it personally on Tenant, or by leaving the same at the principal building on the Premises, or by posting the same conspicuously on the leased Premises. In addition, all unpaid rents payable during the remainder of this Agreement or any renewal period shall be accelerated without notice or demand. Tenant shall remain fully liable to the Landlord for (a) any lost rent and any other financial obligation under this Agreement; (b) Landlord's cost of reletting the Premises including but not limited to leasing fees, utility charges, and any other fees necessary to relet the Premises; (c) repairs to the Premises for Tenant's use that are beyond normal wear and tear; (d) all of Landlord's costs associated with evicting Tenant, including but not limited to court costs, costs of service, prejudgment interest, and reasonable attorney's fees; (e) all of Landlord's costs associated with collecting amounts due under this Agreement, including but not limited to debt collection fees, late charges, and returned check charges; (f) and any other recovery to which Landlord is entitled by law or in equity. Landlord is obligated to make all reasonable efforts to mitigate any damage or loss resulting from Tenant's breach by attempting to relet the Premises to acceptable tenants and thereby reducing Tenant's liability.

21. **LATE CHARGE.** In the event that any payment required to be paid by Tenant hereunder is not made within three (3) days of when due, Tenant shall pay to Landlord, in addition to such payment or other charges due hereunder, a "late fee" in the amount of Ten DOLLARS ($10.00) per day. If the last day of the five-day period occurs on a Saturday, Sunday or legal holiday, Landlord shall not impose any charge or fee for the late payment of rent, provided that the rent is paid on the next business day. Any charge or fee, however described, which is charged by

Landlord for the late payment of rent shall not exceed ten percent (10%) of the amount of rent past due.

22. **ABANDONMENT.** If at any time during the term of this Agreement Tenant abandons the Premises or any part thereof, Landlord may, at Landlord's option, obtain possession of the Premises in the manner provided by law, and without becoming liable to Tenant for damages or for any payment of any kind whatever. Landlord may, at Landlord's discretion, as agent for Tenant, relet the Premises, or any part thereof, for the whole or any part thereof, for the whole or any part of the then unexpired term, and may receive and collect all rent payable by virtue of such reletting, and, at Landlord's option, hold Tenant liable for any difference between the rent that would have been payable under this Agreement during the balance of the unexpired term, if this Agreement had continued in force, and the net rent for such period realized by Landlord by means of such reletting. If Landlord's right of reentry is exercised following abandonment of the Premises by Tenant, then Landlord shall consider any personal property belonging to Tenant and left on the Premises to also have been abandoned, in which case Landlord may dispose of all such personal property in any manner Landlord shall deem proper and Landlord is hereby relieved of all liability for doing so.

23. **ATTORNEYS' FEES.** As provided under O.C.G.A. § 44-7-2(c), in the event any dispute arises between Landlord and Tenant that results in litigation concerning a breach of this Agreement, the losing party shall pay the prevailing party's reasonable attorney fees and costs, which shall be determined by the court and made a part of any judgment.

24. **RECORDING OF AGREEMENT.** Tenant shall not record this Agreement on the Public Records of any public office. In the event that Tenant shall record this Agreement, this Agreement shall, at Landlord's option, terminate immediately and Landlord shall be entitled to all rights and remedies that it has at law or in equity.

25. **GOVERNING LAW.** This Agreement shall be governed, construed and interpreted by, through and under the Laws of the State of Georgia.

26. **SEVERABILITY.** If any provision of this Agreement or the application thereof shall, for any reason and to any extent, be invalid or unenforceable, neither the remainder of this Agreement nor the application of the provision to other persons, entities or circumstances shall be affected thereby, but instead shall be enforced to the maximum extent permitted by law.

27. **BINDING EFFECT.** The covenants, obligations and conditions herein contained shall be binding on and inure to the benefit of the heirs, legal representatives, and assigns of the parties hereto.

28. **DESCRIPTIVE HEADINGS.** The descriptive headings used herein are for convenience of reference only and they are not intended to have any effect whatsoever in determining the rights or obligations of the Landlord or Tenant.

29. **CONSTRUCTION.** The pronouns used herein shall include, where appropriate, either gender or both, singular and plural.

30. **NON-WAIVER.** No indulgence, waiver, election or non-election by Landlord under this Agreement shall affect Tenant's duties and liabilities hereunder.

31. **MODIFICATION.** The parties hereby agree that this document contains the entire agreement between the parties and this Agreement shall not be modified, changed, altered or amended in any way except through a written amendment signed by all of the parties hereto.

32. **NOTICE.** In accordance with O.C.G.A. § 44-7-3, any notice or demand required or permitted under this Lease or under state law shall be deemed sufficiently given or served if sent by United States certified mail, return receipt requested, addressed as follows:

    *If to Landlord to:*

    Daniel Holly

    1804 Newstead Trace

    Marietta, GA 30062

    *If to Tenant to:*

    Krista Shinn

    2499 Woodland Ave NW

    Kennesaw, GA 30152

    A courtesy copy of the notice may also be sent by e-mail but is not required. Landlord and Tenant shall each have the right from time to time to change the place notice is to be given under this paragraph by written notice thereof to the other party. In the event of a change in any of the names and addresses above, Landlord shall advise each Tenant of the change within thirty (30) days after the change either in writing or by posting a notice of the change in a conspicuous place. As required under O.C.G.A. § 44-7-3 for disclosure, the "Landlord" designated above is either the owner of record of the premises or a person authorized to act for and on behalf of the owner for the purposes of serving of process and receiving and receipting for demands and notice and is the person authorized to manage the premises.

33. **ADDITIONAL PROVISIONS; DISCLOSURES.**

    _____
    _____
    _____
    _____
    _____

    [Landlord should note above any disclosures about the premises that may be required under Federal or Georgia law, such as known lead-based paint hazards in the Premises. The Landlord should also disclose any flood hazards.]

34. **UTILITIES.** Tenant agrees to pay all utilities and/or services based upon occupancy of the premise, with the exception of periodic termite/pest treatment and weekly trash/recycle removal, which are included in the tenant's monthly rent.

35. **INSURANCE**. Tenant assumes all risk of loss or damage to Tenant's property within the Premise which may be caused by water leakage, fire, windstorm, explosion, acts of God or other cause, or by the act or omission of any other tenant at the Property, its guests and invitees. Tenant shall be responsible for insurance of all of Tenant's and Landlord's personal property located or stored upon the Premises, against the risks of damage, destruction or loss resulting from the actions of Tenant. Landlord requires that Tenant secure Tenant's own insurance to protect against all of the above occurrences. Tenant acknowledges that Landlord does not have insurance coverage on the personal possessions of Tenant whether located on/in the Property or Common areas, and agrees that it will obtain insurance to cover said personal possessions located or stored upon the Premises. Landlord and its agents shall not be liable for any damage to, or destruction or loss of, any of Tenant's personal property located or stored upon the Premises regardless of the cause or causes of such damage, destruction, or loss and even if such damage, destruction or loss is caused by Landlord, its employees or agents. Tenant is required to maintain property damage liability insurance to remain in full force during the Term of the Lease Agreement and any subsequent renewal periods. Policy shall be written as a policy not contributing with and not in excess of coverage which Landlord carries. Tenant agrees to purchase an insurance policy (HO4) in accordance with the following terms, and provide a copy of the policy to the Landlord.
   1. **$500,000 Personal Liability Coverage**
   2. **Personal Property Amount at Tenants Discretion**
   3. **Daniel Holly to be listed as "additional insured" on Tenants policy and noted to be informed if the Tenant's policy is cancelled or terminated.**

As to Landlord this ___12___ day of ___April___, 2017.
LANDLORD:

Sign: _____
Print: ___DANIEL HOLLY___

As to Tenant, this ___12___ day of ___April___, 2017.
TENANT:

Sign: _____
Print: ___Krista W. Shinn___

Exhibit B

# IN THE MAGISTRATE COURT OF COBB COUNTY
## DISPOSSESSORY PROCEEDING

Case No. 18-E-19410

DANIEL HOLLY
1804 NEWSTEAD TRACE MARIETTA GA. 30062
770·856·3662

v.

KRISTA SHINN
2499 WOODLAND DR. NW KENNESAW GA 30152
678·497·6157

Plaintiff's Name, Address, Phone Number | Defendant's Name and Address

1. Defendant is in possession as tenant of premises at the address in Cobb County as stated above.
2. Affiant is the [X] Owner; [ ] Attorney; [ ] Agent; [ ] Lessee of said premises.
3. Tenant [X] fails to pay the rent which is now due; [ ] holds the premises over and beyond the term for which they were rented or leased to him/her; or [ ] UNPAID LATE FEES DEC. UNPAID GAS BILLS OCT, NOV,
4. Plaintiff is entitled to recover any and all rent that may come due until this action is finally concluded.
5. Plaintiff desires and has demanded possession of premises.
6. Defendant has failed and refused to deliver possession of premises.

WHEREFORE, Plaintiff demands (a) possession of premises; (b) past due rent of $ 1,179.75 ; (c) rent accruing up to date of judgment or vacancy at the rate of $ 39.58035 per DAY (d) LATE FEE 100.00 GAS 95.33

SWORN TO AND SUBSCRIBED BEFORE ME this
10 DAY OF DEC 20 18

NOTARY PUBLIC OR ATTESTING OFFICER

Affiant's Address and Phone Number
1804 NEWSTEAD TRACE MARIETTA GA 30062
CELL # 770·856·3662

**COBB COUNTY, GA FILED IN OFFICE 2018 DEC 10 AM 9:44**

## SUMMONS

TO THE MARSHAL of the Magistrate Court of Cobb County or his lawful deputies and to the Sheriff of Cobb County or his lawful deputies:

GREETINGS: The defendant(s) herein is/are commanded and required personally (or by attorney) to appear at the Magistrate Court of Cobb County, 32 Waddell Street, Marietta, Georgia between the hours of 8:00 a.m. and 5:00 p.m. on or before the SEVENTH day (or on the first business day thereafter if the seventh day falls on Saturday, Sunday, or legal holiday) from the date of service of the within affidavit and summons to answer the affidavit in writing or orally. If answer is NOT made, a Writ of Possession and/or judgment shall issue instanter.

WITNESS the Honorable Judges of this Court.
The affidavit was sworn to and subscribed before the undersigned Deputy Clerk by the Affiant as provided by O.C.G.A. §44-7-50 and summons issued pursuant thereto.

Deputy Clerk, Magistrate Court of Cobb County

**PLEASE NOTE:**
To answer to this filing online, go to
magistrate.cobbcountyga.gov

## AFFIDAVIT OF SERVICE

I have served the foregoing affidavit and summons on the Defendant(s) by delivering a copy of the same:
[ ] Personally _____
[ ] To a person sui juris residing on the premises (Name) _____
    Age_____ Wt._____ Ht._____
[ ] Defendant not found in the jurisdiction of this Court.
[ ] By posting a copy to the door of the premises and depositing a copy in the U.S. Mail, First Class in an envelope properly addressed with adequate postage thereon, said copy containing notice to the Defendant(s) to answer at the place stated in said summons.

Date of Service _____, 20_____

Defendant to answer on or before _____ 20_____.

Deputy Marshal/Deputy Sheriff

## WRIT OF POSSESSION

TO THE MARSHAL OF THE MAGISTRATE COURT OF COBB COUNTY OR HIS LAWFUL DEPUTIES AND TO THE SHERIFF OF SAID COUNTY OR HIS LAWFUL DEPUTIES: You are hereby commanded to remove said defendant, together with his/her property thereon, from said house or premises and to deliver full and quiet possession of same to Plaintiff herein.

This _____ day of _____, 20_____.

Judge, Magistrate Court of Cobb County

Tenant Eviction Date _____, 20_____.

Deputy Marshal/Deputy Sheriff

Effective: _____, 20_____.

**ORIGINAL**

Exhibit C

Case 19-50319-sms    Doc 15    Filed 01/17/19    Entered 01/17/19 15:40:17    Desc Main
                        Document      Page 16 of 17

Electronically Filed
2018 Dec 26 20:04:30
18-E-19410

**MAGISTRATE COURT OF COBB COUNTY**
**STATE OF GEORGIA**

DANIEL HOLLY
Plaintiff,
vs
KRISTA SHINX
Defendant

Civil Action No. 18-E-19410

**DISPOSSESSORY ANSWER**

Comes now the defendant in the above styled case and files this his/her answer and shows to the court the following

I admit the Plaintiff's claim.

WHEREFORE, defendant having fully answered prays that he/she be discharged and that the costs of this action be placed upon the plaintiff.

Efiled 26th day of December, 2018

KRISTA SHINN
2499 WOODLAND DRIVE NW
KENNESAW GA, 30152
(678) 497-6157
*Defendant Name, Address and Phone*

**CERTIFICATE OF SERVICE**

I have this 28 day of Dec, 2018, served this plaintiff/plaintiff's attorney with a copy of said answer.

Deputy Clerk

Mr. Daniel Holly<br>
1804 Newstead Trace<br>
Marietta, GA 30062<br>
770-856-3662

January 17, 2019

Ms. Krista Shinn
2499 Woodland Drive NW
Kennesaw, GA 30152

**Subject: Notice of Lease Termination**

Dear Ms. Shinn:

This letter serves as formal notification that I will be terminating the lease agreement between Daniel Holly and Krista Shinn, effective February 17, 2019. Kindly note that I will not renew the existing month to month agreement with you.

This constitutes the 30 day notice as outlined in the original agreement, Section 1.B; term of lease month to month, dated April 12th, 2017. You are therefore instructed to vacate and give up possession of the premises at 2499 Woodland Drive NW, that you currently occupy as a tenant, by February 17, 2019.

Thank you.

Sincerely,


Daniel Holly
Landlord of 2499 Woodland Drive NW
Cc: Brian S. Limbocker, J.D., LL.M.